JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**12   5345**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sonia Parris | Portfolio Recovery Associates, John Does 1-10, XYZ Corporations 1-10 |

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Norfolk, VA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, Esq.
951 Allentown Road, Lansdale, PA 19446 (717) 533-7472

Attorneys *(If Known)*
Thomas R. Dominczyk, Esq.
5 Walter E. Foran Blvd., Suite 2007, Flemington, NJ 08822
(908) 237-4550

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACTS | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |    Corrupt Organizations |
|    Student Loans | ☐ 340 Marine |    Injury Product | | | ☒ 480 Consumer Credit |
|    (Excl. Veterans) | ☐ 345 Marine Product |    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |    Act | ☐ 862 Black Lung (923) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage |    Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 790 Other Labor Litigation | |    Act |
| |    Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |    Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting |    Sentence | |    or Defendant) |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | |    26 USC 7609 |    State Statutes |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| |    Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |    Alien Detainee | | |
| |    Other | ☐ 560 Civil Detainee - |    (Prisoner Petition) | | |
| | ☐ 448 Education |    Conditions of | ☐ 465 Other Immigration | | |
| | |    Confinement |    Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
22,401.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   John A. Houston     DOCKET NUMBER   MDL No. 2295

DATE
09/18/2012

SIGNATURE OF ATTORNEY OF RECORD

SEP 1 8 2012

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.CP., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.** Example:    U.S. Civil Statute: 47 USC 553
                             Brief Description: Unauthorized reception of cable service

VII.      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**12    5345**

Address of Plaintiff: 911 Dolores Lane, Croyden, Pennsylvania 19021

Address of Defendant: 120 Corporate Blvd., Suite 100, Norfolk, Virginia 19422

Place of Accident, Incident or Transaction: 911Dolores Lane, Croyden, Pennsylvania 19021

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?        Yes ☒  No ☐

*RELATED CASE, IF ANY:*    Hon. John A. Houston

Case Number: MDL No. 2295   Judge U.S.D.C., S.D. Cal.   Date Terminated: Still pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Thomas R. Dominczyk, counsel of record do hereby certify:

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: September 18, 2012   _____   85248

             Attorney-at-Law        Attorney I.D.#   SEP 1 8 2012

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 18, 2012   _____   85248

             Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sonia Parris | : | CIVIL ACTION |
| v. | : | **12   5345** |
| Portfolio Recovery Associates, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  **Case is related to MDL case #2295 pending in the USDC, SD Cal. (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| September 18, 2012 | Thomas R. Dominczyk | Portfolio Recovery Associates |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (908) 237-4550 | (908) 237-4551 | trd@mnlawpc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 1 8 2012

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SONIA PARRIS, | Civil Action No. |
| Plaintiff, | (Removal) |
| vs. | **12   5345** |
| PORTFOLIO RECOVERY ASSOCIATES, JOHN DOES 1-10 AND XYZ CORPORATIONS, | |
| Defendants. | |

**NOTICE OF REMOVAL OF**
**CIVIL ACTION FROM STATE COURT**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant, Portfolio Recovery Associates, LLC (incorrectly plead as "Portfolio Recovery Associates" ) (hereinafter the "Defendant"), by and through their undersigned counsel, respectfully represents as follows:

1.     Portfolio Recovery Associates, LLC is a Defendant in the above entitled action.

2.     On or about August 16, 2012, Plaintiff Sonia Parris (hereinafter referred to as "Plaintiff") filed suit against the Defendant.  The suit was filed in the Court of Common Pleas of Bucks County, Pennsylvania, and was assigned docket number 2012-06951.  A true copy of the Complaint is attached hereto as Exhibit "A".

3.     The Complaint seeks, inter alia, damages for injuries allegedly arising from the collection of debt and seeks damages under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 et seq. (See Exhibit A).

4.     This Court has original jurisdiction over the above entitled action pursuant to 28 U.S.C. § 1331, as it involves a federal question with regards to the alleged violations of the

FDCPA, 15 U.S.C. § 1692 et seq.

5.     This action must therefore be removed to this Honorable Court pursuant to 28

U.S.C. § 1441(a).

6.     Furthermore, this court will have pendent jurisdiction over any other state claims

asserted or that may be asserted by the Plaintiff.

7.     The Complaint was served upon Defendant on August 27, 2012.

8.     This notice is timely filed with this Court within thirty (30) days after service of

the Complaint on Defendant in the above entitled action pursuant to 28 U.S.C. § 1446(b).

9.     Attached hereto as Exhibit B is a true copy of the Notice of Filing of Removal

which was sent to the Plaintiff on this date.

10.     Attached are the following process, pleadings, and orders served upon Defendants

in this action which are known to me:

a.  Plaintiff's Summons and Complaint – Exhibit "A"

WHEREFORE, Defendant Portfolio Recovery Associates, LLC, respectfully requests

that the above entitled action be removed from the Court of Common Pleas of Bucks County,

Pennsylvania.

Respectfully submitted,
Maurice & Needleman, PC

Thomas R. Dominczyk
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550
(908) 237-4551(fax)
Attorneys for Defendant
Portfolio Recovery Associates, LLC

Dated: September 18, 2012

**Exhibit "A"**

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

RECEIVED
AUG 27 2012
By General Couns⁻

Sonia Parris                          :
911 Dolores Lane                      :
Croydon, PA 19021                     :
                    Plaintiff :       :
Vs.                                   :
PORTFOLIO RECOVERY ASSOCIATES         :        Jury Trial Demanded
120 CORPORATE BLVD., SUITE 100        :
NORFOLK VA 23502                      :
and                                   :        2012-06951
John Does 1-10                        :
and                                   :
X,Y,Z Corporations                    :
                    Defendants :      :

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413



Case Number: 2012-06951                    Judge: 30
Receipt:     Z752833             Filing: 9979200
Code: 46
Patricia Bachtle - Bucks Co Prothonotary
509         8/16/2012 10:36:24 AM

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Sonia Parris                                     :
911 Dolores Lane                                 :
Croydon, PA  19021                               :
                 Plaintiff :
Vs.                                              :
PORTFOLIO RECOVERY ASSOCIATES                    :        Jury Trial Demanded
120 CORPORATE BLVD., SUITE 100                   :
NORFOLK VA 23502                                 :
and                                              :
John Does 1-10                                   :
and                                              :        2012-06951
X,Y,Z Corporations                               :
               Defendants  :

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

   alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.

   (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt

   Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Sonia Parris, an adult individual with a current address of 911 Dolores Lane, Croydon, PA 19021.

8. Defendant is PORTFOLIO RECOVERY ASSOCIATES, a business entity, engaged in consumer debt collection with a principle place of business located at 120 CORPORATE BLVD., SUITE 100, NORFOLK VA 23502.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE: VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227

(TCPA), in response to a growing number of consumer complaints regarding certain

telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or

"autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the

use of autodialers to make any call to a wireless number in the absence of an emergency

or the prior express consent of the called party.

14. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States, or
> any person outside the United States if the recipient is within
> the United States-
> (A) to make any call (other than a call made for emergency
> purposes or made with the prior express consent of the called
> party) using any automatic telephone dialing system or an
> artificial or prerecorded voice---
> \* \* \*
> (iii) to any telephone number assigned to a paging service,
> cellular telephone service, specialized mobile radio service, or
> other radio common carrier service, or any service for which
> the called party is charged for the call;

(3) **Private right of action**
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State---
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph
(B) of this paragraph.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559,43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (10).

17. According to findings by the Federal Communication Commission ("FCC"), the agency
Congress vested with authority to issue regulations implementing the TCP A, such calls are
prohibited because, as Congress found, automated or prerecorded telephone calls are a
greater nuisance and invasion of privacy than live solicitation calls, and such calls can be
costly and inconvenient. The FCC also recognized that wireless customers are charged for
incoming calls whether they pay in advance or after the minutes are used. *Rules and
Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket
No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is
on Defendants to demonstrate that Plaintiff provided express consent within the meaning of
the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

19. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

20. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which
was the subject of Defendant's collection activity.

21. Plaintiff's account went into collections, and the account was referred to Defendant(s) for
the purpose of collection.

22. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

23. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

24. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

25. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

26. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

27. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice Plaintiff's complaints to a real person.

28. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

29. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

30. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

32. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

33. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

34. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

35. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

36. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

37. Plaintiff believes and avers that Plaintiff received no less than 10 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

**COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**

**15 USC 1692 f, et. seq.**

38. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

39. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

40. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

41. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

42. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

43. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## LIABILITY

44. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

45. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

46. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

47. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

48. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

49. Any mistake made by Defendant would have included a mistake of law.

50. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

51. All previous paragraphs of this complaint are incorporated by reference and made a part
of this portion of the complaint.

52. At least $1.00 actual damages, including but not limited to phone, fax, stationary,
postage, etc.

53. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the
FDCPA 15 USC 1692k, and under TCPA.

54. Plaintiff believes ad avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff
received from Defendant(s) in violation of TCPA.

55. Plaintiff believes and avers that there was at least 10 separate automated telephone calls
from Defendant(s) to Plaintiff's cell phone, thereby warranting $5,000 in statutory
damages.

56. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

57. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

58. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

59. Plaintiff's attorney fees of $1,400.00 at a rate of $350.00 per hour, are enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client | 1 |
| b. | Drafting, editing, review filing and Service of complaint and related documents | 1 |
| c. | Follow up With Defense | 2 |

4 x $350 = $1,400

60. Plaintiff's attorney fees continue to accrue as the case move forward.

61. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

62. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

63. Plaintiff seeks injunctive relief barring further unlawful collection activity.

64. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

65. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $7,401.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$5,000 statutory damages under TCPA

$1,400 attorney fees

_____

$7,401.00

Plaintiff seeks such other relief as the Court deems just and fair.

Vicki Piontek, Esquire          8/13/2012
                                Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Sonia Parris | : | |
| 911 Dolores Avenue | : | |
| Croydon, PA 19021, | : | |
| Plaintiff | : | |
| | : | |
| Vs. | : | |
| PORTFOLIO RECOVERY ASSOCIATES | : | Jury Trial Demanded |
| 120 CORPORATE BLVD., SUITE 100 | : | |
| NORFOLK VA 23502 | : | |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendants | : | |

## VERIFICATION

I, Sonia Parris, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

_____  7/25/12
Sonia Parris          Date

Exhibit "B"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONIA PARRIS,<br><br>     Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, JOHN DOES 1-10 AND XYZ CORPORATIONS,<br><br>     Defendants. | Civil Action No.<br><br>(Removal)    **12**   **5345** |

## NOTICE OF FILING OF REMOVAL OF CIVIL ACTION
## FROM STATE COURT

TO:

VICKI PIONTEK, ESQ.
951 ALLENTOWN ROAD
LANSDALE, PA 19446

PROTHONOTARY
BUCKS COUNTY COURT OF COMMON PLEAS
55 EAST COURT STREET
DOYLESTOWN, PA 18901

PLEASE TAKE NOTICE that on September 18, 2012, Portfolio Recovery Associates, LLC, (incorrectly plead as "Portfolio Recovery Associates") Defendant in the above entitled action (hereinafter referred to as the "Defendant"), filed a Notice of Removal, copies of which are attached hereto, of the above entitled action to the United States District Court for the Eastern District of Pennsylvania.

You are also advised that Defendant, on filing such Notice of Removal in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, also filed and served a copy thereof to the Prothonotary of the Court of Common Pleas of Bucks County, Pennsylvania, at the addresses noted above, to effect the removal pursuant to 28 U.S.C. 1446. By virtue of 28 U.S.C. 1446(d), the Court of Common Pleas of Bucks County, Pennsylvania has

no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

Respectfully submitted,

Thomas R. Dominczyk
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550
Attorneys for Defendant
Portfolio Recovery Associates, LLC

Dated: September 18, 2012

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONIA PARRIS,<br><br>     Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC, JOHN DOES 1-10<br>AND XYZ CORPORATIONS,<br><br>     Defendants. | Civil Action No.<br><br>(Removal)      12   5345 |

### CERTIFICATION OF SERVICE

I, Thomas R. Dominczyk, hereby certify that on September 18, 2012, a true and correct copy of the attached NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT was deposited in the United States Mail to be caused to be served upon the persons set forth below via Certified Mail, RRR, to:

VICKI PIONTEK, ESQ.
951 ALLENTOWN ROAD
LANSDALE, PA 19446

PROTHONOTARY
BUCKS COUNTY COURT OF COMMON PLEAS
55 EAST COURT STREET
DOYLESTOWN, PA 18901

Respectfully submitted,

Thomas R. Dominczyk
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550
Attorneys for Defendant
Portfolio Recovery Associates, LLC

Dated: September 18, 2012